# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUNDES GARRETT, | : | |
| Appellant, | : | CIVIL ACTION NO. 3:17-0352 |
| v. | : | (JUDGE MANNION) |
| JPMORGAN CHASE BANK, *et al.*, | : | |
| Appellees. | : | |

## MEMORANDUM

Currently before the court are several motions to *quash* filed in response to appellant Lundes Garrett's *pro se* bankruptcy appeal, (Doc. 1). These motions were filed by the following appellees: Duane Morris LLP and Brett L. Messinger (collectively, the "Duane appellees"), (Doc. 3); Kristine M. Anthou, Elizabeth M. Cagnon, and Grenen & Birsic PC (collectively, the "Grenen appellees"), (Doc. 4); JPMorgan Chase Bank ("JPMorgan"), (Doc. 5); and PennyMac Loan Services, LLC ("Pennymac"), (Doc. 6). In addition, before the court are duplicate motions filed by the Grenen appellees, (Doc. 7), and Pennymac, (Doc. 9). Based on the foregoing, the appellees' original motions, (Docs. 3–6), will be **GRANTED** and appellant Lundes Garrett's *pro se* bankruptcy appeal, (Doc. 1), will be dismissed as the court lacks subject-matter jurisdiction over his appeal. The Grenen appellees' and Pennymac's duplicate motions, (Docs. 7, 9), will be dismissed as moot.

On February 24, 2017, Mr. Garrett, proceeding *pro se*, filed a notice of appeal with the Clerk of Court for the United States Bankruptcy Court in the Middle District of Pennsylvania. (*See* Doc. 1 at 1). Mr. Garrett's notice of

appeal was docketed in this court on February 27, 2017. (*Id*.). Mr. Garrett sought to appeal the February 6, 2017 order of the bankruptcy court dismissing his adversary complaint arising out of his underlying Chapter 7 bankruptcy proceeding.[1] On March 6, 2017, the Duane appellees filed one of the current motions seeking to *quash* Mr. Garrett's appeal. (Doc. 3). The Duane appellees' motion was followed by identical motions from the Grenen appellees on March 7, 2017, (Doc. 4), from JPMorgan on March 9, 2017, (Doc. 5), and from Pennymac on March 13, 2017, (Doc. 6). On March 31, 2017, the Grenen appellees filed an identical motion to *quash*, with a brief in support. (Docs. 7–8). On April 10, 2017, JPMorgan also filed an identical motion to *quash* with a brief in support. (Docs. 9–10).

The appellees seek dismissal of Mr. Garrett's appeal based on the untimeliness of his notice of appeal and his failure to follow the timelines set forth in Federal Rule of Bankruptcy Procedure 8002. The appellees allege that this failure deprives the court of subject-matter jurisdiction over Mr. Garrett's appeal. Mr. Garrett has not responded to any of the filings submitted by the appellees[2] and the motions are now ripe for review. *See* FED. R. BANKR. P. 8013(a)(3).

---

[1] Mr. Garrett's Chapter 7 bankruptcy action is docketed under case number 5:16-bk-01783-JJT and his adversary complaint is docketed under adversary number 5:16-ap-00120-JJT.

[2] In addition, Mr. Garrett has not yet filed his designation of the items to be included in the record on appeal and his statement of the issues to be present pursuant to Federal Rule of Bankruptcy Procedure 8009.

The court agrees with the appellees that Mr. Garrett's notice of appeal is untimely, leaving this court without subject-matter jurisdiction over his appeal. District Courts have jurisdiction over final judgments, orders, and decrees of a bankruptcy court. 28 U.S.C. §158(a)(1). In order to obtain jurisdiction, however, Rule 8002 provides that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). This rule is strictly construed. *Shareholders v. Sound Radio, Inc.*, 109 F.3d 873, 879 (3d Cir. 1997). The fourteen day requirement is mandatory and jurisdictional; it cannot be waived. *In re Caterbone*, 640 F.3d 108, 110, 112 (3d Cir. 2011). "The failure to file a timely notice of appeal creates a jurisdictional defect barring appellate review." *Shareholders*, 109 F.3d at 879.

The court can extend the Rule 8002 deadline in two circumstances: (1) where the appellant requests an extension before the deadline or (2) where the appellant requests an extension within twenty-one days after the deadline upon a showing of "excusable neglect." Fed. R. Bankr. P. 8002(d). The court cannot make a finding of excusable neglect after the twenty-one day timeline set forth in the rule has passed. *In re Caterbone*, 640 F.3d at 113–114; *Shareholders*, 109 F.3d 879. Thus, failure to meet deadlines will be fatal to an appellant's bankruptcy appeal.

Here, Mr. Garrett's failure to follow the timelines set forth in Rule 8002 is fatal to his appeal. The bankruptcy court entered its order dismissing Mr. Garrett's adversary complaint on February 6, 2017. In accordance with Rule

8002, the deadline for Mr. Garrett's notice of appeal was February 20, 2017. Mr. Garrett filed his notice of appeal with the bankruptcy clerk on February 24, 2017, eighteen days after the entry of the bankruptcy court's order. Mr. Garrett did not request an extension of the appeal deadline before February 20, 2017. *See* FED. R. BANKR. P. 8002(d)(1)(A). Nor did he request an extension within twenty-one days after the February 20, 2017 deadline, alleging excusable neglect. *See* FED. R. BANKR. P. 8002(d)(1)(B). Mr. Garrett had until March 13, 2017 to make such a request. Thus, it is clear at this stage that Mr. Garrett's appeal is untimely and that this court is without subject-matter jurisdiction over his appeal. Accordingly, the appellees' original motions, (Docs. 3–6), will be granted and Mr. Garrett's bankruptcy appeal, (Doc. 1), will be dismissed. The Grenen appellees' and JPMorgan's duplicate motions, (Docs. 7, 9), will be dismissed as moot. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: April 27, 2017**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-0352-01.wpd

4